CARROLL D. BESADNY, Secretary Department of Natural Resources
You ask whether parts of 1989 Wisconsin Acts 159 and 324, which delegate authority to municipalities and public inland lake protection and rehabilitation districts to charge boating fees, violate the provision in Wisconsin Constitution article IX, section 1 that navigable waters "shall be common highways and forever free . . . without any tax, impost or duty therefor."
New section 30.77 (3)(e)1., Stats., as repealed and recreated by 1989 Wisconsin Act 159, effective April 19, 1990, provides:
 30.77 (3)(e) Notwithstanding the prohibition in sub. (1) against local regulations that exclude any boat from the free use of the waters of the state:
 1. A municipality or a public inland lake protection and rehabilitation district that has in effect a local regulation adopted under par. (am) may charge boat operators reasonable fees for any of the following:
 a. Use of a public boat launching facility that the municipality or lake district owns or operates.
 b. The municipality's or lake district's costs for operating or maintaining a water safety patrol unit, as defined in s. 30.79 (1)(b)2.
 c. The municipality's or lake district's costs for providing other recreational boating services.
Similarly, new section 33.475, as created by 1989 Wisconsin Act 324 and effective May 11, 1990, provides: *Page 186 
 33.475 Boating fees. Notwithstanding the prohibition in s. 30.77 (1) against local regulations that exclude any boat from the free use of the waters of the state, and in addition to the powers granted the county under ss. 30.77 (3) (e) and 59.07 (42), the county may charge boat operators reasonable fees for the costs of providing other recreational boating services not specified in ss. 30.77 (3) (e) and 59.07 (42).
Under prior law, section 30.77 (3)(e) allowed a municipality to "charge reasonable fees for the use of public boat-launching facilities owned . . . by it." Thus, the 1990 legislation expanded preexisting authority by granting municipalities, counties and public inland lake protection and rehabilitation districts the added power to charge boat operators "reasonable fees" for the costs of operating and maintaining a water safety patrol unit and for "other recreational boating services."
Although there is no commonly accepted meaning for the term "other recreational boating services," you note that local communities have interpreted it to mean dredging, shoreline maintenance and improvements, weed control and similar activities. You also point out, by separate correspondence, that some municipalities have proposed or enacted fees as high as $25 per boat per day and have created separate fee structures for resident and non-resident boaters. A three-day weekend boater could thus incur costs up to $75 just for the privilege of being on the water. Moreover, multiple fees could be assessed when a boater navigates separate but connected lakes. The presence of such fees could also increase boating congestion on the "free" lakes.
For the reasons which follow, I conclude that the Legislature may, consistent with Wisconsin Constitution article IX, section 1, delegate to local governments the power to charge boaters reasonable fees to offset the costs of operating and maintaining a water safety patrol unit, and the power to charge users of boat launching facilities reasonable fees associated with that use, as long as the fees bear a reasonable relationship to the costs of *Page 187 
operation actually incurred. The Legislature may not delegate the power to charge boaters for unspecified "other recreational boating services" because to do so would violate the constitutional command that navigable waters be "forever free . . . without any tax, impost or duty therefor."
With the Wisconsin Constitution's evocative "forever free" clause as the starting point of this analysis, I observe that both new and former sections 30.77 (3)(e) establish exceptions to the "free use of the waters of the state," and as such, the exceptions should be narrowly construed. As the supreme court stated inBuse v. Smith, 74 Wis.2d 550, 564, 247 N.W.2d 141 (1976), "it is a fundamental rule that when dealing with the state constitution . . ., the search is not for a grant of power to the legislature, but for a restriction thereon."
The question, then, is whether the delegated authority to collect fees associated with boater usage of navigable waters is an impermissible "tax, impost or duty." In State v. Jackman, 60 Wis.2d 700,708, 211 N.W.2d 480 (1973), the supreme court saw no distinction between the terms tax, impost and duty for purposes of Wisconsin Constitution article IX, section 1. The court, in upholding the state's boat licensing statutes,[1] distinguished taxes from license fees as follows: "[a] tax is one whose primary purpose is to obtain revenue, while a license fee is one made primarily for regulation and whatever fee is provided is to cover the cost and the expense of supervision or regulation." Jackman,60 Wis.2d at 707. The court held that "a requirement to pay money for general revenue purposes for the use of a navigable waterway would constitute a tax and violate the constitution."60 Wis.2d at 709. In Jackman, however, the court held that the fee for boat licensing was not for general revenue purposes, but to *Page 188 
support the state's specific programs for boat safety enforcement and safety patrol aids, an exercise of the state's police power.
The court in Jackman established a narrow regulatory exception to the constitutional principle requiring free use of the waters of the state. As reaffirmed in State v. Big John, 146 Wis.2d 741,751, 432 N.W.2d 576 (1988), the statutory system of numbering and requiring a fee for registration of boats is reasonably related to boating safety and thus a valid exercise of the state's police power. Jackman affirmatively resolves the question whether, as provided in new section 30.77 (3)(e)1.b., municipalities or lake districts may charge reasonable fees to cover the costs of "operating or maintaining a water safety patrol unit, as defined in s. 30.79 (1) (b) 2."
It can be argued that the rationale of Jackman could be extended to allow broader local power to impose lake user fees for police power services beyond boating safety. The supreme court has not yet extended Jackman, however, and I am not at liberty to decide the constitutional issue you pose based on what kinds of local regulation the court might uphold in the future. Moreover, our supreme court has steadfastly interpreted the "forever free" clause to open up, not restrict, access to navigable waters. As stated in Diana Shooting Club v. Husting, 156 Wis. 261,267, 271, 145 N.W. 816 (1914), the right to free use of the navigable waters of the state has been "jealously reserved . . . . It should be interpreted in the broad and beneficent spirit that gave rise to it in order that the people may fully enjoy the intended benefits."
The other two sources of boater fees, use of boat launching facilities and costs of "other recreational boating services," present more difficult questions. Section 30.77 (3)(e)1.a. allows the recovery of "reasonable fees" for the "[u]se of a public boat launching facility that the municipality or lake district owns or *Page 189 
operates."[2] The ownership and operation of a boat launching facility is an activity the municipality carries out in its proprietary, not governmental, capacity, and the fees for use of the facility are thus not taxes, but fees for services. See BargoFoods North v. Rev. Dept., 141 Wis.2d 589, 596-98,415 N.W.2d 581 (Ct.App. 1987). In Bargo, the court held that a municipality's operation of an airport is a proprietary function, just as is the municipal operation of a hospital and fees for use of these facilities are not "taxes." By analogous reasoning, our supreme court in early public trust cases approved the practice of charging fees for the use of locks, dams, wharves and piers constructed to allow or improve navigation. The Wisconsin RiverImprovement Company v. Manson, 43 Wis. 255, 262-63 (1877);J. S. Keator Lumber Co. and others v. The St. Croix Boom Corp.,72 Wis. 62, 92, 38 N.W. 529 (1888). In Keator, the court cautioned: "Such exaction, however, must be confined to a reasonable compensation for such use, but can not be legally imposed as a tax or burden upon interstate commerce."
I conclude, consistent with the distinction between proprietary and governmental functions, that reasonable fees directly associated with use of a municipality's or lake district's boat launching facilities are not a "tax, impost or duty" within the meaning of Wisconsin Constitution article IX, section 1. I fully recognize that the imposition of such a fee creates, in some instances, a condition of access to public waters. As the attorney general noted when asked a similar question in 1979, however:
 A locally imposed user or access fee designed to help local residents bear the cost of access facilities that are also used by the public at large undeniably burdens the right of the general citizenry to enjoy the body of water whose access is thus regulated. Nevertheless, the Wisconsin *Page 190 
Supreme Court has held that the trust doctrine does not prevent minor accommodations between the interests of the public at large and a more limited set of public or private interests where the purposes of the trust are not thereby substantially affected.
 In my opinion, a reasonable fee represents a permissible accommodation between the competing interests involved. A high fee, however, might discourage or severely restrict members of the general public in their use of the resource for fishing, boating, or other recreational or scenic purposes. Such a result would obviously contravene the purposes of the public trust policy, i.e., to ensure that the state's public waters are available for all to enjoy. . . .
68 Op. Att'y Gen. 233, 237 (1979) (citations omitted). You have not asked, for purposes of this opinion, what a "reasonable fee" might be. As such questions arise, I would look for guidance to Wisconsin Administrative Code sections NR 1.92 (6)(f) and NR 1.93
(1989), which define reasonable boat launching fees, for purposes of section 30.77, as "those currently charged for daily entrance to state parks and forest areas." It goes without saying that any fee enacted for the purpose of excluding users, even if marginally justified by the cost of services provided, is impermissible.
The assessment of boating fees for "other recreational boating services," as provided in sections 30.77 (3)(e)1.c. and 33.475, cannot be sustained under either the Jackman exception or as a user fee for a proprietary function. Rather, the assessment for "other recreational boating services" can only be interpreted as a revenue-producing measure, and thus a "tax, impost or duty" in contravention of Wisconsin Constitution article IX, section 1.
In Milwaukee v. Milwaukee S. T. Corp., 6 Wis.2d 299,94 N.W.2d 584 (1959), the supreme court struck down a Milwaukee city ordinance which imposed on the city bus company a $10 per passenger-seat annual license fee. The purpose of the city's fee was to recover its costs in substituting "trackless trolley" service for streetcar service; the city argued *Page 191 
that the fee was valid as a police-power regulatory measure. The supreme court disagreed, noting that "courts will look into ordinances with a view of determining whether they are passed for the purpose of revenue, although sought to be upheld as police regulations." Milwaukee v. Milwaukee S. T. Corp.,6 Wis.2d at 303. The court held that "[t]he distinction between taxation for revenue and for regulation is determined by the relationship between the cost to, or services provided by, the city and the charge imposed." 6 Wis.2d at 305-06. In the Milwaukee S. T. Corp. case the court held the ordinance invalid as a tax for revenue.[3]
 Milwaukee v. Milwaukee S. T. Corp. provides an apt analogy for the boating fees assessed for "other recreational boating services." As the services to be provided lose their clear delineation (unlike the costs of maintaining the water safety patrol unit or the boat-launch user fee), the boater fee looks more like a revenue measure. In Milwaukee S. T. Corp., the court considered three primary factors in determining that the bus fee was an impermissible revenue measure: the fact that the city could have imposed a direct tax, but chose not to do so in the guise of a "regulatory fee"; the large amount of the fee; and the city's failure to show any relationship between the fee charged and the actual cost of services provided. 6 Wis.2d at 308. If these or similar standards were applied to justify miscellaneous "recreational boating services," the fee would be exceedingly difficult to sustain.
Moreover, the term "other recreational boating services" does not describe a proprietary function of government; rather, services such as weed cutting, dredging and shoreline improvements describe activities which municipalities normally undertake in the *Page 192 
exercise of their governmental functions. Just as providing sewage services is a governmental, not proprietary, function,Town of Hallie v. City of Chippewa Falls, 105 Wis.2d 533, 542,314 N.W.2d 321 (1982), the provision of "other recreational boating services" is a governmental function.
The invalidity of the legislative delegation in sections30.77 (3)(e)1.c. and 33.475 is also demonstrated by the vagueness of the terms chosen. Our supreme court has held that when the Legislature delegates its Wisconsin Constitution article IX, section 1 public trust responsibilities, "[c]lear limits as well as definite standards must be provided along with a purpose consistent with advancing the trust." Menzer v. Elkhart Lake,51 Wis.2d 70, 83, 186 N.W.2d 290 (1971). The amorphous phrase "other recreational boating services" provides no standards for determining the extent of the delegation. In Menzer, the court cautioned that "[w]hile some degree of flexibility to meet changing conditions is to be maintained, vagueness is no virtue when it comes to the spelling out of areas for state and local action in a particular field." 51 Wis.2d at 84-85.
Accordingly, I conclude that the delegation of authority to collect boater fees for "other recreational boating services" is a revenue measure inconsistent with Wisconsin Constitution article IX, section 1. Unlike fees for the operation and maintenance of a water safety patrol unit or use of boat launching facilities, fees for other recreational boating services cannot be justified as costs of providing safety services, as in Jackman, or fees for a proprietary service. Most significantly, boater fees for vague "recreational boating services" impose an impermissible condition on the right of access held by each Wisconsin citizen to our state's lakes. As the supreme court stated in Wis.Environmental Decade, Inc. v. DNR, 85 Wis.2d 518, 534,271 N.W.2d 69 (1978), "the legislature may legitimately delegate authority to local units of government to act in matters involving the state's `public trust' duties — provided that the delegation is in furtherance of the trust and will not block the advancement of paramount interests." By allowing a significant, and perhaps *Page 193 
prohibitively expensive, condition on access to Wisconsin lakes and imposing it on one group of users, the boaters, the Legislature has blocked the advancement of our citizens' paramount interests in the use and enjoyment of navigable waters.
While I recognize the presumption of constitutionality of statutes, the delegation of authority to collect boater fees for recreational boating services abdicates the state's constitutional public trust responsibilities and is therefore void. See Muench v.Public Service Comm., 261 Wis. 492, 515m, 53 N.W.2d 514,55 N.W.2d 40 (1952). I am also mindful of the adverse shoreline and waterway conditions which led to the enactment of sections30.77 (3)(e)1. and 33.475 and the need to reverse the deterioration of our lakes. See secs. 33.001, 33.45, 33.455, and 33.457, Stats., as created by 1989 Wisconsin Act 324. I therefore urge the Legislature to revisit this topic with a view toward providing a more equitable distribution of the costs of these necessary governmental services. I also urge the Legislature, or the Department of Natural Resources by rule, to clarify boaters' responsibility for multiple fees on separate but connected lakes for support of water safety patrol units, under section30.77 (3)(e)1.b.
DJH:MS
[1] Sections 30.51 and 30.52 require boat owners to register their boats and, upon payment of a fee, to receive a certificate of number prior to operation of any boat on Wisconsin waters.
[2] If boat-launching facilities are located on uplands (above the ordinary high water mark of the waterway), the constitutional issue need not be addressed because the uplands are not public trust properties.
[3] The court in Milwaukee S. T. Corp. was not bound by a constitutional prohibition, as in our case, but by section 76.54, which banned "license taxes" on entities providing urban mass transportation. A constitutional prohibition on a tax gives even greater cause for close scrutiny of the charge imposed. *Page 194